UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSHUA A. PEERMAN,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>W.L. MONTGOMERY, Warden,<br><br>　　　　　Respondent. | Case No. 5:18-cv-01955-PA (JDE)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION AND REFERRING THE PETITION TO THE NINTH CIRCUIT COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A) |

**I.**

**INTRODUCTION**

Petitioner Joshua A. Peerman ("Petitioner") filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1, "Petition" or "Pet.") challenging the legality of his custody stemming from a California state court criminal conviction in 2014. For the reasons set forth below, the Petition is dismissed for lack of subject matter jurisdiction and referred to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

## II.
## PROCEDURAL HISTORY

The Petition, filed on September 12, 2018, relates to a 2014 conviction and resulting 2015 prison sentence of fifteen years to life with additional consecutive determinate sentencing enhancements received by Petitioner in Riverside County Superior Court ("RSC") Case No. RIF1304505. Pet. at 1. Petitioner asserts four grounds for relief, alleging: (1) the trial court violated Petitioner's due process rights in failing to remove a juror; (2) Petitioner's trial counsel rendered ineffective assistance of counsel by not adequately informing Petitioner of his right to testify on his own behalf; (3) Petitioner's trial counsel was ineffective in failing to conduct a reasonable investigation; and (4) Petition was not adequately advised prior to a guilty plea resulting in a due process violation and a violation of his right to effective assistance of counsel. Pet. at 6, 12 (CM/ECF pagination).

On January 12, 2017, Petitioner filed a prior Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, Case No. 5:17-cv-000470PA (JDE) ("Prior Action"), challenging the same 2014 conviction and resulting 2015 prison sentence received by Petitioner in RSC Case No. RIF1304505. Prior Action, Dkt. 1 at 2. On August 29, 2017, the Court entered judgment dismissing the Prior Action with prejudice on the merits and denying the issuance of a certificate of appealability. Id., Dkt. 18, 24, 25, 26.

In the instant Petition, Petitioner denies having previously filed a federal habeas petition regarding the underlying conviction and sentence. Pet. at 7.

/ / /
/ / /
/ / /
/ / /
/ / /

# III.
# DISCUSSION

A. THE COURT LACKS JURISDICTION TO CONSIDER THE PETITION AS IT IS A SECOND OR SUCCESSIVE PETITION

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Section 2244(b) of Title 28 provides, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in

| | the appropriate court of appeals for an order authorizing the district court to consider the application. |

"If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (citing § 2244(b)(3)(A). "In evaluating such an application, the court of appeals is bound by § 2244(b)'s gatekeeping requirements." Id.

Petitioner previously filed a Section 2254 petition challenging the same 2014 conviction challenged in the instant Petition. Petitioner's Prior Action was dismissed with prejudice on the merits, and the facts underlying the instant Petition existed at the time of the Prior Action. Thus, the Petition now pending constitutes a second and/or successive petition. As such, it was incumbent on Petitioner under Section 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court, and his failure to do so deprives the Court of subject matter jurisdiction. See Brown, 889 F.3d at 668; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

B.  "REFERRAL" OF HABEAS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals."

The Court notes that in the caption of his attachment to the Petition, Petition refers to the Court as "US District Court 9th Circuit." Pet. at 13 (CM/ECF pagination). To the extent Petitioner mistakenly submitted the Petition to this Court instead of the Ninth Circuit, it should be referred to the Ninth Circuit. Although it is unclear whether the district court may both "refer" a petition to the Ninth Circuit and, at the same time, dismiss the

4

petition, the Court concludes that simultaneous referral and dismissal is appropriate. See Cielto v. Hedgpeth, 2014 WL 1801110, at *3 (C.D. Cal. Apr. 23, 2014).

## IV.
## ORDER

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the Petition to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive habeas petition. The Clerk of Court shall send a copy of the Petition and a copy of this Order to the Clerk of the United States Court of Appeals for the Ninth Circuit. The Clerk of Court shall provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

In addition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and Local Rule of Court 72-3.2, IT IS ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of jurisdiction.

Dated: September 18, 2018

_____
PERCY ANDERSON
United States District Judge

Presented by:

_____
John D. Early
United States Magistrate Judge